UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY WALKER,<br>Plaintiff,<br>v.<br>CHIEF ADAMS, et al.,<br>Defendants. | Case No. 24-cv-08901 EJD (PR)<br>**ORDER OF PARTIAL DISMISSAL AND WITH LEAVE TO AMEND** |

Plaintiff, a civil detainee at the San Francisco County Jail ("CJ2"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at the County Jail in San Bruno ("CJ3"). Dkt. No. 1. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.**     **Plaintiff's Claims**

Plaintiff is a civil detainee who was held at the San Francisco County Jail since October 27, 2021, pending a new probable cause hearing under the SVPA (California's Sexually Violent Predator Act). Dkt. No. 1 at 6. On May 2, 2024, Plaintiff was transferred to the County Jail in San Bruno ("CJ3"). Id. ¶ 9. Plaintiff claims that CJ3 does not house civil detainees and that the transfer was done in retaliation for his filing complaints and grievances. Id. ¶ 10. Plaintiff claims he informed Defendants Captain Quantico, and Lt. Rold that he was not supposed to be housed at CJ3 and had paperwork in support. Id. ¶ 12. He also claims Defendants Captain Collins, Undersheriff Johnson, Sheriff Miyamoto, and Chief Adams were aware of his numerous complaints regarding his housing. Id. ¶¶ 11, 14.

The claim that Plaintiff's due process rights were violated based on his status as a civil detainee who was housed in conditions at CJ3 that were punitive is cognizable. See Jones, 393 F.3d at 932. Accordingly, this claim may proceed against Defendant Quantico and Rold who were made aware of Plaintiff's civil detainee status and placed him in restrictive housing.

On the other hand, the Court notes that Plaintiff filed this due process claim against Defendants Collins, Johnson, Miyamoto, and Adams regarding his housing under a separate lawsuit, Walker v. Miyamoto, et al., Case No. 24-cv-04342 EJD (PR), which is proceeding on the merits of that claim. Accordingly, this claim against these defendants will be dismissed as duplicative from this action. See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915). If Plaintiff believes these defendants are responsible for the punitive housing conditions at CJ3, he may seek leave to file a supplemental complaint in Walkver v. Miyamoto, et al., Case No. 24-cv-04342 EJD (PR).

The Court will review the other claims in the complaint below for which Plaintiff seeks declaratory and injunctive relief as well as damages. Dkt. No. 1 at 17-18.

### 1. May 2024 – Disciplinary Action

Plaintiff claims that after he arrived at CJ3, Defendant Lt. Rold took his "PREA complaint" based on the event that occurred at CJ2 just prior to his transfer to CJ3. Dkt. No. 1 ¶¶ 20-21. Plaintiff claims Defendant Rold wrote a "falsified" report and that Defendant Deputy Gray also assisted in "falsifying allegations" in a subsequent disciplinary action ("RFD"). Id. ¶ 23. Defendant Lt., Willson found Plaintiff guilty of the RFD. Id. ¶ 24. Defendant Sgt. Kutchens was responsible for taking away several privileges as a result of the RFD. Id. ¶¶ 26-27. Plaintiff claims these actions were done in "retaliation to punish." Id. ¶ 27.

Plaintiff also claims that Defendants Rold and Gray violated "PREA confidentiality" and denied "RTC rape trauma person support rep" to be present during the questioning "and instead harassed Plaintiff." Id. ¶ 28. He claims Defendants Dr. Pratt and Dr. Main "denied PREA forensic exam in discriminatory practice, not done to any other prisoners PREA claims." Id. ¶ 29. He asserts the policy regarding "forensic evidence collection" was not followed, including a PREA exam and treatment for injuries. Id. ¶¶ 30-31.

Plaintiff claims Dr. Main instructed all nursing staff at CJ3 "to not have contact with Plaintiff with no just cause" and denied Lidocaine patches and ointment to treat his pain from his injuries. Id. ¶ 32. Plaintiff claims the denial of medical care was "in retaliation" to numerous complaints he filed on Drs. Main and Pratt, "not one has answered." Id. ¶ 33. Plaintiff claims that at CJ3, Defendant Dr. Asa removed his medical mattress order and foam cushion, and also denied a wheelchair and walker, "knowing Plaintiff is a fall risk." Id. ¶ 35. As a result of these acts, Plaintiff fell several times and was injured. Id. ¶ 36. At those times, he was denied medical assistance by "Jane Does 1-3" and Defendant Deputy Baker and left "on floor to die" for several hours as he could not get up on his own. Id.

Lastly, Plaintiff claims he was denied mental health treatment by the psych director Mary Doe, who refused to answer grievances and prohibited other psych clinicians from assisting. Id. ¶ 39.

Based on the above allegations, Plaintiff asserts "cruel and unusual punishment, retaliatory state and federal constitutional violations under law, civil rights that have been violated, First, Fourteenth, Fifth, Eighth, Due Process." Id. ¶ 7. He seeks injunctive relief and damages. Id. at 15.

### a.     Disciplinary Proceedings

A civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive. Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). A restriction is punitive where it is intended to punish, or where it is excessive in relation to its non-punitive purpose, or is employed to achieve objectives that could be accomplished in so many alternative and less harsh methods. Id. at 933-34 (citations omitted). Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility. Id. at 932.

The imposition of disciplinary segregation or some other sanction as punishment for violation of jail rules and regulations is considered "punishment" and cannot be imposed without due process, i.e., without the procedural requirements of Wolff v. McDonnell, 418 U.S. 539 (1974). See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996) (Sandin v. Conner, 515 U.S. 472 (1995), does not apply to pretrial detainees who are punished; applying due process requirements of Wolff). Wolff established five procedural requirements: (1) written notice of the charges sufficient to marshal facts and prepare a defense; (2) at least 24 hours after the notice to prepare before appearing before the disciplinary committee; (3) written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action; (4) allowed to call witnesses and present documentary evidence in defense as long as doing so will not be unduly hazardous to institutional safety and correctional goals; and (5) the aid of a fellow inmate or staff to assist if detainee is illiterate or issues are complex. Wolff, 418 U.S. at 564, 566, 570.

Plaintiff's allegations that Defendants "falsified" a disciplinary action is not sufficient to state a due process violation. The fact that he may have been innocent of the charges does not raise a due process issue. The Constitution demands due process, not error-free decision-making. See, e.g., Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983). Rather, Plaintiff must allege the deprivation of the procedural requirements under Wolff to challenge the disciplinary action by Defendants Rold, Gray, and Kutchens, that resulted in "punishment." Accordingly, this claim shall be dismissed with leave to amend for Plaintiff to attempt to state sufficient facts to support a due process claim under Wolff related to the disciplinary proceedings.

Plaintiff's allegations that Defendants Rold and Gray "violated PREA confidentiality" and denied a "support rep," as well as his allegations that Defendant Pratt and Main "denied PREA forensic exam" are not sufficient to state a claim. The Prison Rape Elimination Act ("PREA") was enacted to eliminate and prevent sexual assault, abuse, and harassment within federal, state, and local institutions, and to provide information, resources, recommendations, and funding to protect individuals from prison rape. 42 U.S.C. § 15601 et seq. Although the PREA did not create a private cause of action, failure to adhere to PREA reporting requirements may be used to support claims under other laws, including section 1983. Here, there are no factual allegations regarding the alleged "PREA" incident that Plaintiff alludes to in the complaint. Furthermore, it appears that this PREA incident may have taken place at CJ2, prior to his transfer to CJ3. Dkt. No. 1 ¶¶ 9, 21. Accordingly, any claim involving sexual assault, abuse or harassment should be raised against appropriate CJ2 staff in a separate action.

### b.     **Deliberate Indifference to Medical Needs**

Plaintiff's allegation that Dr. Main instructed nursing staff at CJ3 to "not have contact with Plaintiff with no just cause" fails to establish a claim for deficient medical care as it does not establish that such instructions resulted in punitive conditions of confinement for Plaintiff. On the other hand, the allegation that Dr. Main denied

Lidocaine patches and ointment for his injuries is sufficient as are his allegations against Dr. Asa for the denial of medical accommodations. Plaintiff's claim that he was denied medical assistance by Jane Does and Defendant Baker are also sufficient to state a claim. However, these claims regarding his medical care sound under the Fourteenth Amendment, not the Eighth Amendment, because Plaintiff is a civil detainee and not a prisoner. See Jones, 393 F.3d at 932.

### c. Retaliation

Plaintiff alleges generally that the denial of medical care was "in retaliation" to numerous complaints he filed on Drs. Main and Pratt. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The allegations are insufficient to establish all five elements for a retaliation claim. Assuming as true that Defendants took adverse action against Plaintiff by denying medical care, the allegation that they did so *because of* his grievances is conclusory because he alleges that "not one has answered," which does not establish that Defendants Pratt and Main were even aware of his grievances. Furthermore, there are no factual allegations establishing that their actions had the effect of chilling the exercise of Plaintiff's First Amendment rights and did not reasonably advance a legitimate correctional goal to satisfy the fourth and fifth elements. Accordingly, this retaliation claim will be dismissed with leave to amend, for Plaintiff to attempt to state sufficient facts to correct this deficiency.

### d. Mental Health Care

Plaintiff claims generally that he was denied mental health treatment by Mary Doe, who refused to answer grievances and prohibited other psych clinicians from assisting. However, the Court notes Plaintiff made similar allegation against Defendant Mary Doe in other actions. See, e.g., Walker v. Adams, et al., Case No. 24-cv-03314 EJD (PR), Dkt.

No. 20 ¶ 83; Walker v. Espin, et al., Case No. 24-cv-08713 EJD (PR), Dkt. No. 1 ¶ 55, 58, 61, 62. Furthermore, it is also unclear whether Defendant Mary Doe's alleged conduct in this action took place at CJ2 or CJ3. Plaintiff shall be granted leave to amend to attempt to state sufficient facts to distinguish this claim against Defendant Mary Doe from claims raised against her in other actions. Otherwise, Plaintiff is advised that this claim will be dismissed as duplicative.

### 2. Eleventh Amendment

Plaintiff indicates that each defendant is being sued in their "official and individual capacity." Dkt. No. 1 at 3-4.

The Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). The U.S. Supreme Court has held that state officials acting in their official capacities are not "persons" under Section 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, such a suit is therefore no different from a suit against the state itself. Id. Accordingly, the Eleventh Amendment bars Plaintiff's claims for monetary relief to the extent that they are based on acts by Defendants in their official capacity. See id. Such claims for damages must be dismissed.

In preparing an amended complaint, Plaintiff is advised to state that he is suing individual Defendants only in their *individual* capacity, and not in an official capacity.

### 3. Amended Complaint

In preparing an amended complaint, Plaintiff should keep the following legal principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates

7

in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's due process claim against Defendants Collins, Johnson, Miyamoto, and Adams regarding punitive conditions of confinement as a civil detainee is **DISMISSED as duplicative** as it is the subject of another pending lawsuit before this Court. See Walker v. Miyamoto, et al., Case No. 24-cv-04342 EJD (PR). Plaintiff's claim for damages against Defendants in their "official capacity" are also barred under the Eleventh Amendment and must be dismissed.

However, Plaintiff's due process claim against Defendants Quantico and Rold for subjecting him to punitive conditions of confinement at CJ3 in San Bruno and deficient medical care claim against Defendants Main, Asa, Baker, and medical "Jane Does" are cognizable.

2. The other claims in the complaint are **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 24-cv-08901 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original which will be treated thereafter as non-existent. Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the amended complaint are no longer claims and defendants not named therein are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

**In the alternative**, Plaintiff may file notice that he wishes to strike the deficient claims from the complaint and proceed on the cognizable claims identified above, i.e., the

8

due process claim against Defendants Perez and Collins, and deficient medical care claim against Defendants Main, Asa, Baker, and Jane Does.

    2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of the deficient claims discussed above for failure to state a claim and this action proceeding on the cognizable claims for punitive conditions of confinement and deficient medical care against Defendants Quantico, Rold, Main, Asa, Baker, and Jane Does, without further notice to Plaintiff.**

    3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: May 22, 2025

EDWARD J. DAVILA
United States District Judge