UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>CHIEF ADAMS, et al.,<br><br>    Defendants. | Case No. 5:24-cv-08901 EJD (PR)<br><br>**ORDER STRIKING DEFICIENT CLAIMS AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

        Plaintiff, a civil detainee at the San Francisco County Jail ("CJ2"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at the County Jail in San Bruno ("CJ3"). Dkt. No. 1. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order. On May 22, 2025, the Court screened the complaint and granted leave to amend to correct the deficiencies with respect to various claims. Dkt. No. 9. In the alternative, Plaintiff could file notice that he wished to strike the deficient claims and proceed on the following cognizable claims: (1) due process claim against Defendants Perez and Collins, and (2) deficient medical care claim against Defendants Main, Asa, Baker, and Jane Does. Id. at 8-9.

        On July 28, 2025, Plaintiff filed a request to strike the deficient claims and proceed on the cognizable claims. Dkt. No. 12. Despite the lateness of this request, it is GRANTED. This action shall proceed on the cognizable claims identified in the Court's screening order.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Below is the Court's discussion of the cognizable claims in the complaint from the screening order:

> Plaintiff is a civil detainee who was held at the San Francisco County Jail since October 27, 2021, pending a new probable cause hearing under the SVPA (California's Sexually Violent Predator Act). Dkt. No. 1 at 6. On May 2, 2024, Plaintiff was transferred to the County Jail in San Bruno ("CJ3"). Id. ¶ 9. Plaintiff claims that CJ3 does not house civil detainees and that the transfer was done in retaliation for his filing complaints and grievances. Id. ¶ 10. Plaintiff claims he informed Defendants Captain Quantico, and Lt. Rold that he was not supposed to be housed at CJ3 and had paperwork in support. Id. ¶ 12. He also claims Defendants Captain Collins, Undersheriff Johnson, Sheriff Miyamoto, and Chief Adams were aware of his numerous complaints regarding his housing. Id. ¶¶ 11, 14.
>
> The claim that Plaintiff's due process rights were violated based on his status as a civil detainee who was housed in conditions at CJ3 that were punitive is cognizable. See Jones, 393 F.3d at 932. Accordingly, this claim may proceed against Defendant Quantico and Rold who were made aware of Plaintiff's civil detainee status and placed him in restrictive housing.
>
> …¶
>
> Plaintiff's allegation that Dr. Main instructed nursing staff at CJ3 to "not have contact with Plaintiff with no just cause" fails to establish a claim for deficient medical care as it does not establish that such instructions resulted in punitive

2

conditions of confinement for Plaintiff. On the other hand, the allegation that Dr. Main denied Lidocaine patches and ointment for his injuries is sufficient as are his allegations against Dr. Asa for the denial of medical accommodations. Plaintiff's claim that he was denied medical assistance by Jane Does and Defendant Baker are also sufficient to state a claim. However, these claims regarding his medical care sound under the Fourteenth Amendment, not the Eighth Amendment, because Plaintiff is a civil detainee and not a prisoner. See Jones, 393 F.3d at 932.

Dkt. No. 9 at 2, 5-6. Based on Plaintiff's notice to strike deficient claims, this action shall proceed solely on the above identified cognizable claims, and all other claims and defendants shall be STRICKEN from the complaint.

The action can also proceed against Jane Doe Defendants if Plaintiff can identify them through discovery. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Pursuant to Plaintiff's notice, the deficient claims from the complaint discussed in the Court's screening order shall be **STRICKEN**. Dkt. No. 12. This claim shall proceed solely on the following claims: (1) due process claim against Defendants Quantico and Rold for subjecting Plaintiff to punitive conditions of confinement at CJ3 in San Bruno, and (2) deficient medical care claim against Defendants Main, Asa, Baker, and medical "Jane Does."

The Clerk shall terminate all other defendants from this action as all other claims have been stricken from the complaint.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Dkt. No. 1), and a copy of this order upon Defendants Capt. Quantico, Lt. Rold, Dr. Main, Dr. Asa, and Deputy Baker via the **Office of Chief Legal Counsel for Sheriff's Dept**. (Sheriff's Dept., Room 456, One Dr. Carlton B. Goodlett Place, San Francisco, CA 94102, Attn. Mark Nicco). The Clerk shall also mail a copy of this order to Plaintiff.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with

3

respect to the claims in the complaint found to be cognizable above.

       a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

       b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

    4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    7.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. While conducting discovery, Plaintiff is directed to attempt to ascertain the name of Jane Doe Defendants, and file a motion to substitute the amended complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed. Failure to do so will result in the dismissal of the claims against these Jane Doe Defendants for failure to state a claim for relief.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: August 5, 2025

EDWARD J. DAVILA
United States District Judge